IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY STARK,

     Plaintiff,

v.                                Case No. 1:17-cv-50-MW-GRJ

EIGHTH JUDICIAL CIRCUIT
IN AND FOR LEVY CNTY., FLA.,

     Defendant.

_____/

## ORDER & REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case on March 2, 2017, by filing ECF No. 1, a civil rights complaint, and ECF No. 2, a motion for leave to proceed as a pauper. He subsequently filed an amended complaint, ECF No. 4, and a second motion for leave to proceed as a pauper, ECF No. 5.[1]

The Court has reviewed the motion for leave to proceed in forma pauperis and affidavit of financial status and finds that Plaintiff is unable to prepay the costs of this action pursuant to 28 U.S.C. § 1915(a). Thus,

---

[1] Although Plaintiff placed a different case number on his amended complaint and his second motion for leave to proceed as a pauper, it is clear based on the letter attached to the amended complaint that Plaintiff intended to file these filings in the instant case. *See* ECF No. 4-1 (explaining that the amended complaint relates to the complaint Plaintiff filed on March 2, 2017).

Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is due

to be granted. Plaintiff's second motion for leave to proceed as a pauper,

ECF No. 5, is therefore due to be denied as moot.[2]

A federal court is required to conduct an initial screening of a *pro se*

complaint to determine whether the action: (1) is frivolous or malicious or

fails to state a claim on which relief may be granted, or (2) seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an

arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091,

1100 (11th Cir. 2008). A district court also may dismiss a complaint if the

facts as pled do not state a claim for relief that is plausible on its face.

*Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's

allegations are entitled to the benefit of liberal construction. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license

. . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order

to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359,

1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct.

---

[2] With the exception of the date, the second motion for leave to proceed as a
pauper is identical to the original motion.

1937*).* The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).

Plaintiff says he was illegally arrested on November 6, 2014. (ECF No. 4.) His bond was set at $500,000. The charging document filed on November 25, 2014, however, had the wrong charge. Nonetheless, Plaintiff alleges that he was sentenced to the illegal charge on February 11, 2015. He served time in jail on the illegal charge from November 6, 2014, through August 5, 2015. Plaintiff says his first public defender was ineffective. (*Id.*)

Plaintiff then says that on October 21, 2015, probation's rules changed. His second public defender filed papers not authorized by Plaintiff to correct papers related to the illegal charge. Plaintiff was then asked, under duress, to sign new papers to correct the charge. The judge allowed the state attorney correct the charge instead of dismissing Plaintiff's case. Plaintiff says his second public defender should have obtained the dismissal of his case. (*Id.*)

Plaintiff says his constitutional and civil rights were violated by all of the participants in his criminal case—the judges, public defenders, and state attorneys. He requests the Court to enter an order dismissing his case because his arrest was illegal, the criminal information charged him

with the wrong charge, and his counsel was ineffective. (*Id.*)

Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Section 1983 is the proper avenue to assert a civil rights action challenging the conditions of confinement or other constitutional violations. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Section 1983 does not, however, provide an avenue of relief for challenges to the fact of confinement (i.e., the conviction), nor does it provide relief for an imposed sentence. *Id.* Likewise, § 1983 is not the proper avenue to assert claims of ineffective assistance of counsel. *Gardner v. Luckey*, 500 F.2d 712, 714 (5th Cir. 1974) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973)).

Instead, where a litigant challenges his underlying state conviction and sentence, including probation conditions, the proper avenue of relief is a habeas corpus proceeding under 28 U.S.C. § 2254. As the Eleventh Circuit has explained,

> [a] prisoner convicted and sentenced under state law may seek federal relief in two primary ways: (1) a petition for habeas corpus, 28 U.S.C. § 2254, or (2) a complaint under 42 U.S.C. § 1983. *. . . .* These two avenues of relief are mutually exclusive.

> If a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights complaint. *Id.* The line of demarcation between a § 1983 claim and a § 2254 habeas claim is based on how the claim relates to a prisoner's conviction or sentence. *. . . .* "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *. . . .* Thus, declaratory or injunctive relief claims that challenge the validity of the prisoner's conviction or sentence and seek release are cognizable only through a § 2254 petition, and not under § 1983.

*Wells v. Attorney Gen., Fla.*, 470 F. App'x 754, 755 (11th Cir. 2012) (internal citations omitted).

Section 2254 applies to "a person in custody pursuant to the judgment of a State court . . . in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Section 2254's "in custody" requirement may be met where a petitioner is on probation, parole, or bail. *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982). A former prisoner who remains subject to the terms of his sex offender probation is "in custody" for purposes of the federal habeas statute. *Hamner v. Deputy Secretary of the Fla. Dep't of Corrections*, 468 F. App'x 875, 877 n.1 (11th Cir. 2011) (citing *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963)).

Here, the only relief Plaintiff seeks is from his underlying conviction or sentence. The only way to obtain this relief is by filing a petition for writ

of habeas corpus pursuant to § 2254. A review of PACER reveals,

however, that Plaintiff previously filed a § 2254 petition based on, what

appears to be, the same underlying conviction regarding the instant

complaint. *See Stark v. Jones*, No. 1:16-cv-057-MP-EMT (N.D. Fla. Mar. 9,

2016). That petition was denied on December 7, 2016. *Id.*, ECF Nos.

27–28.

In order to file a second or successive § 2254 petition a petitioner

must first obtain an order from the court of appeals authorizing the district

court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v.*

*Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007)

(requiring petitioner to obtain order from appellate court prior to filing

second or successive § 2254 petition after first habeas petition was

dismissed as untimely). Absent authorization, the district court lacks

jurisdiction to consider a second or successive petition. *See Farris v.*

*United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a

successive motion to vacate under 28 U.S.C. § 2255). Thus, Petitioner

would first be required to obtain authorization from the Eleventh Circuit

prior to filing his petition in this Court.

A review of the Eleventh Circuit Court of Appeals Docket indicates,

however, that Petitioner has not obtained authorization from the Eleventh

Circuit to file a successive § 2254 petition. Accordingly, even construed as a habeas petition, the Court has no other alternative but to dismiss the instant petition for lack of jurisdiction. *See McCallum v. McDonough*, 257 F. App'x 157, 159 (11th Cir. 2007) (reiterating that a district court lacks jurisdiction under the Antiterrorism and Effective Death Penalty Act (AEDPA) to consider a second or successive habeas petition that has not been previously authorized to be filed by an appellate court pursuant to § 2244(b)(3)(A)) (citing *Hill v. Hooper*, 112 F.2d 1088, 1089 (11th Cir. 1997)).

Accordingly, upon due consideration, it is **ORDERED** that:

1.  Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**;

2.  Plaintiff's motion for leave to proceed as a pauper, ECF No. 5, is **DENIED** as moot; and

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended complaint, ECF No. 4, should be **DISMISSED**.

**DONE AND ORDERED** this 14th day of March, 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge